UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LANDERS WILSON | No. 3:13-cv-18 (SRU) |

**RULING ON MOTION**

On July 16, 2013, Landers Wilson pleaded guilty to Count I of the indictment, charging him with conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B), and 846.  On July 9, 2013, Wilson was released on bond with special conditions that he participate in a residential substance abuse program operated by the Salvation Army (the "Program").  From that date until his sentencing on September 12, 2014, Wilson complied with the terms of his release and completed all aspects of the Program.  In fact, after completion of the Program he was offered a position as a full-time truck driver and was described by his supervisor as an outstanding employee.  There is no dispute that Wilson's compliance with the Program was exemplary.

At sentencing, after evaluating all of the 18 U.S.C. § 3553(a) factors as I am required to do, I sentenced Wilson to the mandatory minimum term of sixty (60) months' incarceration.  Such a sentence was consistent with the recommendation I received from the U.S. Probation Office, which had evaluated and taken into account Wilson's exemplary performance in the Program.  I, too, took such performance into account when fashioning a sentence that I believed was sufficient, but not greater than necessary to comply with the purposes of sentencing.  Wilson was ordered to surrender to the Bureau of Prisons ("BOP") on or before November 26, 2014, to begin his term of incarceration.

On July 28, 2015, Wilson filed a motion to allow jail credit for the time he spent participating in the Program. *See* Doc. # 536. In support of his motion, Wilson argues that it is within my discretion to credit him for time he served in a drug treatment program while he was released on bail prior to his incarceration.

Under 18 U.S.C. § 3585(b), a defendant is entitled to "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." *Reno v. Koray*, 515 U.S. 50, 50 (1995). The time spent at a treatment center while "released on bail" is not "'official detention' within the meaning of § 3585(b)." *Id.* at 65.

On July 9, 2013, following Wilson's guilty plea, he was released on bail. The fact that his release was conditioned on compliance with the inpatient treatment program does not establish that he was in "official detention" within the meaning of section 3585(b). *See id.* Thus, Wilson may not receive jail credit for his time spent in the Program.[1]

Though not relevant to my ruling, it is important to note that Wilson did in fact receive a benefit for the time spent in the Program. In fashioning his sentence, I considered both the seriousness of his offense and his exemplary performance in the Program. Upon consideration of those factors, among others, I determined that a sentence of sixty (60) months' incarceration was proper.

For the foregoing reasons, Wilson's motion for jail credit (doc. # 536) is denied.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of February 2016.

---

[1] Even if Wilson were entitled to credit for time spent in the Program, the district court "is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review [within the BOP]." *United States v. Whaley*, 148 F.3d 205, 207 (2d Cir. 1998).

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
